<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| KEVIN PLANKER, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> CHRIS CRISTIE, GARY LANIGAN, : <br> CHARLES WARREN, MICHELLE RICCI, : <br> JIM BARNES, DAVE HOFFMAN, : <br> DONIQUE IVERY, RASUAL SALUKI, : <br> RANDIE JOLLY, JOSE DIMENTELLO, : <br> EZWKIAL MFON, AND NEW JERSEY : <br> DEPARTMENT OF CORRECTIONS, : <br> : <br> Defendants. : | Civ. Action No. 13-4464-BRM-DEA <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff Kevin Planker's ("Plaintiff") Motion for Preliminary Injunction against all Defendants,[1] seeking this Court to compel Defendants "to either provide the undersigned with, or allow him to order drinking water, soap, nutrition, spoons, cups, and toothbrushes at New Jersey State Prison, and to render a final agency decision on the undersigned's

---

[1] On January 21, 2015, this Court dismissed Plaintiff's Complaint without prejudice, in its entirety, as against Defendants Governor Chris Christie, Commissioner Gary Lanigan, and Administrators Michelle Ricci and Charles Warren. (ECF No. 4.) As addressed below, the Court also dismissed most of Plaintiff's claims for failure to state claim. Therefore, the only Defendants that remain are Defendant Dave Hoffman ("Hoffman") and Jim Barnes ("Barnes") because the court allowed Plaintiff's claim asserting retaliation in violation of Plaintiff's First Amendment rights to proceed against Defendant Barnes, and his claim alleging unsanitary conditions and lack of ventilation in violation of the Eighth Amendment to proceed against Defendants Barnes and Hoffman. (ECF. Nos. 3-4).

request for religious recognition." (Notice of Mot. (ECF No. 40) at 1.) Defendant Dave Hoffman opposes the Motion. (ECF No. 49.) Defendant Barnes was not properly served until well after the Motion was filed. (ECF No. 53) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

I. **BACKGROUND**

On July 22, 2013, Plaintiff filed an application to proceed *in forma pauperis* and this civil rights Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Compl. (ECF No. 1).) Plaintiff's Complaint is fifty-seven (57) pages setting forth a litany of allegations, mostly concerning the conditions of his confinement in the administrative segregation unit ("Ad Seg") of the New Jersey State Prison ("NJSP"). (*Id.*) Generally, Plaintiff complains about the conditions of his confinement in Ad Seg and states: he was denied access to the courts because he did not have paper or a pen to write (*id.* ¶¶ 52, 54); his dietary restrictions and religious beliefs were disregarded by the prison (*id.* ¶¶ 63-71, 79-80); he was deprived of drinking water (*id.* ¶ 73); he is often forced to choose between attending yard or religious services because Odinist services are typically scheduled during yard times (*id.* ¶¶ 96-98); he was denied a Yule tray for his high feast (*id.* ¶¶ 100); he was denied access to new movies and cable television (*id.* ¶¶ 106-09, 119); he was denied medical treatment (*id.* ¶¶ 110-18, 130-31); his requests for personal hygiene products were ignored (*id.* ¶¶ 125, 154-55); he was not allowed to purchase literature on medical marijuana growth (*id.* ¶ 143); and he was denied access to news, education, and entertainment (*id.* ¶ 159).[2] (*See generally* ECF Nos. 1 & 3.)

---

[2] Additionally, Plaintiff sets forth an omnibus collection of claims regarding his confinement in Ad Seg. Because they are not pertinent to this Motion, this Court will not re-state all of them here.

On January 21, 2015, this Court issued an Order and Opinion granting Plaintiff's application to proceed *in forma pauperis* and dismissing the Complaint

> without prejudice, in its entirety, as against Defendants Governor Christie, Commissioner Lanigan, and Administrators Ricci and Warren, because the asserted claims are impermissibly based on supervisor liability. Further, Plaintiff's claims asserting denial of access to the courts, denial of religious exercise, denial of medical care, denial of an adequate religious diet, and miscellaneous claims regarding his conditions of confinement (for instance, lack of adequate hygiene and grooming supplies, haircuts, razors, etc.) are dismissed without prejudice, as against all named Defendants, for failure to state a cognizable claim under 42 U.S.C. § 1983 at this time, pursuant to 28 U.C.S. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1). Plaintiff's claims asserting denial of disciplinary due process, denial of recreation, denial of prison pay, and the miscellaneous claims alleging denial of dental floss, denial of commissary privileges to purchase certain items, denial of literature on growing marijuana, etc., are dismissed with prejudice, as against all named Defendants, for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1). However, Plaintiff's claim asserting retaliation in violation of his First Amendment rights shall proceed at this time against Defendant Barnes, and his claim alleging unsanitary conditions and lack of ventilation in violation of the Eighth Amendment shall proceed against Defendants Barnes and Hoffman.[3]

(ECF No. 3 at 55-56; *see generally* ECF No. 3 & 4.) On February 13, 2015, Plaintiff requested an extension of time to file his motion for leave to amend the Complaint. (ECF No. 7.) This Court denied the request as moot, advising Plaintiff, given the posture of the case at the time, Federal Rule of Civil Procedure 15 permitted Plaintiff to file an amended complaint as a matter of course.[4] (ECF No. 8.) Nonetheless, Plaintiff did not file an amended complaint. However, on March 10,

---

[3] This Order and Opinion were issued by the Honorable Michael A. Shipp, U.S.D.J. On August 9, 2016, the case was reassigned to the undersigned. (ECF No. 35.)

[4] Under Rule 15, a Plaintiff may file an amended complaint within 21 days after service of the original Complaint, or within 21 days of service of an answer or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a).

3

2016, Plaintiff filed a motion for leave to amend the Complaint. (ECF No. 22.) Thereafter, Plaintiff withdrew that motion and filed a more "complete" motion to amend on May 27, 2016. (ECF No. 30.) On March 31, 2017, the Honorable Douglas E. Arpert, U.S.M.J., denied Plaintiff's Motion to Amend because the proposed amended complaint failed to comply with Federal Rule of Civil Procedure 8 and Plaintiff unduly delayed bringing the motion. (ECF No. 58 at 3-4.)

On November 28, 2016, Plaintiff filed this Motion for a Preliminary Injunction. (ECF No. 40.) In support of his Motion for a Preliminary Injunction, Plaintiff alleges Defendants are: (1) denying him access to drinking water, more specifically, natural spring or distilled water that is required by his religious belief (*id.* at 1-2, 16.); (2) denying him access to certain nutritional foods mandated by his religion (*id.* at 18); (3) denying him access to hygiene products, such as a natural soap, a toothbrush, spoons and cups that are also required by his religion (*id.* at 19-21); (4) ignoring and/or delaying a decision on his request for religious recognition (*id.* at 3-16, 23-24); and (5) violating his rights when conducting urine tests because he medically (he alleges he suffers from Shy Bladder Syndrome) and religiously cannot conduct the examinations in front of officers (*id.* 24-27). Plaintiff asks this court to compel Defendants to provide him with a watch to perform rituals at precise times during the day. (*Id.* at 27.) In essence, Plaintiff's claims are all related to a denial of his religious exercise and access to certain foods and products.

## II. LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Groupe SEB United States, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 197 (3d Cir. 2014) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). "Awarding preliminary relief, therefore, is only appropriate 'upon a clear showing that the plaintiff is entitled to such relief.'" *Id.* (quoting *Winter*, 555 U.S. at 22). Consequently, a plaintiff seeking a preliminary injunction must

establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.*

Because Plaintiff is a prisoner litigant, the Court must also consider the Prison Litigation Reform Act ("PLRA") before it can grant injunctive relief. The PLRA mandates that four additional criteria be met:

> (1) the relief must be narrowly drawn; (2) the relief must extend no further than necessary to correct the violation of the federal right; (3) the relief must be the least intrusive means necessary to correct the violation of the federal right; and (4) substantial weight must be given to any adverse impact on public safety or the operation of the criminal justice system that might be caused by the relief.

*Planker v. Ricci*, No. Civ. 07-2679, 2010 WL 4447281, at *2 (D.N.J. Nov. 1, 2010) (citing 18 U.S.C. 3626(a)(2)).

### III. DECISION

Taking the above factors into consideration here, the Court finds Plaintiff has not demonstrated that he will succeed on the merits.

On January 21, 2015, the Court screened Plaintiff's Complaint and dismissed Plaintiff's claims asserting "denial of access to the courts, denial of religious exercise, denial of medical care, denial of an adequate religious diet, and miscellaneous claims regarding his conditions of confinement (for instance, lack of adequate hygiene and grooming supplies, haircuts, razors, etc.)" and "denial of disciplinary due process, denial of recreation, denial of prison pay, and the miscellaneous claims alleging denial of dental floss, denial of commissary privileges to purchase certain items, denial of literature on growing marijuana." (ECF No. 3 at 55-56.) As demonstrated, these are exactly the claims Plaintiff seeks to bring though this Motion for Preliminary Injunction. Because the Court screened Plaintiff's Complaint and determined the above counts failed to state

a claim and Plaintiff did not file a timely amended complaint, Plaintiff fails to show a likelihood of success on the merits to warrant granting an injunction. Plaintiff cannot use this Motion to re-litigate claims that were previously denied or to argue new claims not before this Court.

As Plaintiff's allegations in the Motion for a Preliminary Injunction are not presently before the Court because they were either dismissed previously or never asserted in the underlying action, the Motion for Preliminary Injunction is **denied**. *Edwards v. Univ. of Med. & Dentistry of N.J.*, No. Civ. 13-0448 RBK, 2013 WL 5208953, at *5 (D.N.J. Sept. 12, 2013) (denying a plaintiff's preliminary injunction because the court screened and dismissed the plaintiff's complaint for failure to state a claim, and thus, the plaintiff failed to show a likelihood of success on the merits); *Boretsky v. Corzine*, No. Civ. A. 08-2265 GEB, 2009 WL 1357233, at *2 (D.N.J. Jan. 16, 2009), *R. & R. adopted as modified*, No. Civ. 08-2265 GEB DEA, 2009 WL 1312701 (D.N.J. May 11, 2009) ("The first factor relevant to the analysis for the issuance of a preliminary injunction is the likelihood that the Plaintiff will ultimately be successful in the underlying case."). The only claims before the Court are Plaintiff's claim asserting retaliation in violation of his First Amendment rights against Defendant Barnes and his claim alleging unsanitary conditions and lack of ventilation in violation of the Eighth Amendment against Defendants Barnes and Hoffman. Accordingly, the claims asserted by Plaintiff in this Motion are not before the Court—because they were dismissed (ECF Nos. 3-4)—and therefore, could not succeed on the merits.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Preliminary Injunction is **DENIED.**

**Date: May 24, 2017**                                     */s/ Brian R. Martinotti*
                                                                     **HON. BRIAN R. MARTINOTTI**
                                                                     **UNITED STATES DISTRICT JUDGE**