**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ─────────────────────────── : | | |
| KEVIN PLANKER, : | | |
| : | | |
| Plaintiff, : | | |
| : | Civ. Action No. 13-4464-BRM-DEA |
| v. : | | |
| : | | |
| CHRIS CHRISTIE, *et al.*, : | **OPINION** | |
| : | | |
| Defendants. : | | |
| ─────────────────────────── : | | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is an appeal by Plaintiff Kevin Planker ("Planker") (ECF No. 79) of
Magistrate Judge Douglas E. Arpert's October 25, 2017, Order denying Planker's Motion for
Reconsideration of his Motion to Amend/Supplement the Complaint. (ECF No.77). Defendants
did not file an opposition to the appeal.[1] Upon reviewing the papers submitted by Planker, and
having declined to hold oral argument pursuant to Fed. R. Civ. P. 78(b), for the reasons set forth
below and for good cause having been shown, Planker's appeal is **DENIED** and Judge Arpert's
Order is **AFFIRMED**.

---

[1] Nonetheless, the Court will conduct a merits analysis of Planker's Appeal because Planker bears
the burden of demonstrating that Judge Arpert's decision was "clearly erroneous or contrary to
law." Fed. R. Civ. P. 72(a).

## I.    BACKGROUND

On July 22, 2013, Planker filed an application *to proceed in forma pauperis* and Complaint setting forth a litany of allegations mostly concerning the conditions of his confinement in the administrative segregation unit at the New Jersey State Prison ("NJSP"). (ECF No. 1.) He named numerous Defendants: Governor Chris Christie ("Christie"); Gary Lanigan ("Lanigan"), Commissioner of the New Jersey Department of Corrections; Michelle Ricci ("Ricci"); Charles Warren ("Warren"), NJSP Administrator; Jim Barnes ("Barnes"), NJSP Assistant Superintendent; Dave Hoffman ("Hoffman"), NJSP Engineer; Donique Ivery ("Ivery"), Nurse Practitioner at NJSP; and Rasul Saluki ("Saluki"), Chaplain at NJSP. (ECF No. 1 ¶¶ 2-10.) On January 21, 2015, the Court dismissed Defendants Christie, Lanigan, Ricci, and Warren. (ECF Nos. 3-4.) Other claims were also dismissed. (*Id.*) Planker's claim asserting retaliation in violation of his First Amendment rights against Barnes and his claim alleging unsanitary conditions and lack of ventilation in violation of the Eighth Amendment against Barnes and Hoffman were permitted to proceed. (*Id.*) The application to proceed *in forma paupers* was granted and the Clerk's office issued summonses to be served upon Barnes and Hoffman. (ECF No. 5.)

On February 13, 2015, Planker filed a letter requesting an extension of time to file a motion to amend and serve Barnes and Hoffman. (ECF No. 7.) On February 20, 2015, that request was denied as moot because Planker was able to file an amended complaint as a matter of course under Federal Rule of Civil Procedure 15 and had 120 days to serve the complaint under Federal Rule of Civil Procedure 4(m). (ECF No. 8.)  Planker did not file an amended complaint at that time. On March 2, 2016, Hoffman's summons was returned executed, however, Barnes's was returned but was not executed. (ECF Nos. 18-19.)

On March 10, 2016, Planker filed a Motion for Leave to Amend the Complaint. (ECF No. 22.) Shortly thereafter, Planker withdrew that motion and filed a more "complete" motion on May 27, 2016. (ECF Nos. 25, 30.) However, Hoffman had already filed an Answer to the initial Complaint and certified he served Planker with the filing by mail on April 19, 2016. (ECF No. 29.) Judge Arpert denied Planker's Motion for leave to Amend the Complaint for failure to comply with Federal Rule of Civil Procedure 8 and because Planker unduly delayed in bringing the motion. (ECF No. 58.)

On August 2, 2016, Planker filed a letter, which the Court construed as a request for the entry for default against Hoffman and a request to send Planker a copy of his Complaint and Hoffman's Answer. (ECF No. 34.) The Court denied Planker's letter to the extent it was entered as a request for entry of default, but ordered the Clerk to send Planker a copy of his Motion to Amend the Complaint and a copy of Hoffman's Answer. (ECF No. 37.) On February 23, 2017, Barnes's summons was returned executed. (ECF No. 53.) On May 9, 2017, Barnes filed an Answer to the Complaint. (ECF No. 63.)

On April 25, 2017, Planker filed a Motion for Reconsideration as to his Motion to Amend the Complaint. (ECF No. 59 at 4.) On April 26, 2017, Planker filed a Motion for Leave to Supplement the Complaint. (ECF No. 60.) On October 25, 2017, Judger Arpert denied Planker's Motion for Reconsideration of his Order denying leave to amend the Complaint. (ECF No. 77.) Judge Arpert found Planker's Motion for Reconsideration was untimely and that Planker failed to satisfy the applicable standard governing motions for reconsiderations. (ECF No. 77 at 6.) Planker's Motion to supplement the Complaint was also denied because Planker did not affix a copy of the proposed supplemental pleading to the motion for leave to file a supplemental complaint. (*Id.* at 7.) On November 11, 2017, Planker filed this appeal.

## II.    LEGAL STANDARD

With respect to a district judge's review of a magistrate judge's decision, Federal Rule of

Civil Procedure 72(a) states: "The district judge . . . must consider timely objections and modify

or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*. Similarly, this

Court's Local Rules provide that "[a] Judge shall consider the appeal and/or cross-appeal and set

aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law."

L.Civ.R. 72.1(c)(1)(A). A district judge may reverse a magistrate judge's discovery order if the

order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate

judge. 28 U.S.C. 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly

referred to the magistrate judge] where it has been shown that the magistrate judge's order is

clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L.Civ.R. 72.1(c)(1)(A); *Haines v.

Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly

erroneous review function," permitted only to review the record that was before the magistrate

judge). The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the

party filing the appeal." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A district judge

may find a magistrate judge's decision "clearly erroneous" when it is "left with the definite and

firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab.

Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S.

364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However,

"[w]here there are two permissible views of the evidence, the factfinder's choice between them

cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014)

(quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's ruling is

"contrary to law" if it misinterpreted or misapplied applicable law. *Kounelis*, 529 F. Supp. 2d at 518; *Gunter*, 32 F. Supp. 2d at 164.

### III.    DECISION

On appeal, Planker argues his Motion for Reconsideration to Amend and/or Supplement the Complaint should have never been denied because it was filed prior to his receipt of Barnes and/or Hoffman's Answers, and therefore he was entitled to amend as a matter of course. (ECF No.79 at 5.) He further argues that even if Answers were filed to his Complaint he was not properly served with the Answers prior to moving to Amend/Supplement his Complaint, and therefore was still entitled to amend as a matter of course. (*Id.*) Judge Arpert found Planker's Motion for Reconsideration to be untimely and also found Planker failed to satisfy the applicable standard governing motions for reconsiderations. (ECF No. 77 at 6.) Planker's Motion to Supplement the Complaint was also denied because Planker did not affix a copy of the proposed supplemental pleading to the motion for leave to file a supplemental complaint. (*Id.* at 7.)

A Motion for Reconsideration "shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L.Civ.R. 7.1(i). Planker's Motion for Reconsideration, however, was filed on April 25, 2017, approximately 25 days after Judge Arpert's March 31, 2017 Order denying his Motion to Amend/Supplement his Complaint. (ECF No. 59.) As such, Planker has failed to demonstrate Judge Arpert's denial of his Motion to Amend/Supplement the Complaint was "clearly erroneous or contrary to law." L.Civ.R. 72.1(c)(1)(A).

Even assuming Planker's Motion for Reconsideration was timely filed, his Motion to Amend/Supplement was properly denied. Planker challenges the denial of his Motion to Amend the Complaint on the basis that he filed it prior to receiving Hoffman's Answer, and was therefore

5

able to amend as a matter of course. Contrary to Planker's contentions, his Motion to Amend the Complaint was not filed in time to be considered an amendment as a matter of course and Planker was properly served with Hoffman's Answer. On March 10, 2016, Planker filed a Motion for Leave to Amend the Complaint. (ECF No. 22.) Shortly thereafter, Planker withdrew that motion and filed a more "complete" Motion for Leave to Amend/Supplement on May 27, 2016. (ECF Nos. 25, 30.) However, Hoffman had already filed an Answer to the initial Complaint and certified he served Planker with the filing by mail on April 19, 2016. (ECF No. 29.) Therefore, Planker was no longer capable of filing an amendment as a matter of course. Fed. R. Civ. P. 15(a)(1). As such, it was proper for Judge Arpert to deny the Motion to Amend (ECF No. 30) for failure to comply with Rule 8.

Moreover, under Local Civil Rule 7.1, the moving party is required to affix a copy of the proposed supplemental pleading to the motion for leave to file a supplemental complaint. At the time of his Motion to supplement the Complaint, Planker failed to comply with the local rule. Therefore, his Motion was properly denied on that basis alone. Without a copy of the proposed supplemental pleading, the Court could properly evaluate the proposed amended or supplemental complaint. As such, Planker has failed to demonstrate Judge Arpert's denial of his Motion to Supplement the Complaint was "clearly erroneous or contrary to law." L.Civ.R. 72.1(c)(1)(A).

Because Planker has not established that Judge Arpert clearly erred in denying his request to Amend/Supplement his Complaint. Planker's Appeal is **DENIED**.

**IV.    CONCLUSION**

For the reasons set forth above, Planker's appeal (ECF No. 79) is **DENIED** and Judge

Arpert's Order is **AFFIRMED**.

Date: May 22, 2018                        */s/ Brian R. Martinotti*
                                          **HON. BRIAN R. MARTINOTTI**
                                          **UNITED STATES DISTRICT JUDGE**