UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **KEVIN PLANKER,** | : | Civil Action No.  3:13-cv-4464 |
| | : | BRM-DEA |
| Plaintiff, | : | |
| | : | MEMORANDUM OPINION |
| v. | : | AND ORDER |
| | : | |
| **CHRIS CHRISTIE, et al.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

This matter comes before the Court on a motion filed by *pro se* Plaintiff Kevin Planker ("Planker") to Produce Documents and to Supplement the Complaint. No opposition to the motion has been filed by defendants. Upon reviewing the papers submitted by Planker and having declined to hold oral argument pursuant to Fed. R. Civ. P. 78(b), for the reasons set forth below Plaintiff's Motion is **DENIED**.

**I.      Background**

Plaintiff, a prisoner at New Jersey State Prison, filed his Complaint on July 22, 2013, alleging myriad claims relating to his confinement. The original Complaint named twelve defendants. Upon screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), U.S. District Judge Michael A. Shipp dismissed with prejudice a number of Plaintiff's claims and dismissed without prejudice claims against four supervisor defendants, as well as claims asserting denial of access to the courts, denial of religious exercise, denial of medical care, denial of an adequate religious diet, and miscellaneous claims regarding his conditions of confinement. Id. Judge Shipp's Order, dated January 20, 2015, gave Plaintiff 45 days to file a motion to amend as to

those claims dismissed without prejudice. ECF No. 4. Pursuant to the Order, only Defendants Barnes and Hoffman remain. Id.

Plaintiff did not file a Motion to Amend until more than a year later, on March 10, 2016. ECF No. 22. Plaintiff later withdrew that motion in order to file an allegedly more "complete" motion on May 27, 2016. ECF Nos. 25, 30. This Court denied that motion by order dated March 31, 2017, reasoning that the proposed Amended Complaint, at more than 400 pages long and containing "a mass of verbiage," failed to comply with Federal Rule of Civil Procedure 8, which requires a "a short and plain statement of the claim" and "be simple, concise, and direct." ECF No. 58 (citing Fed. R. Civ. P. 8(a), (d)). This Court also pointed to Plaintiff's undue delay in filing the Motion to Amend well outside the time provided by Judge Shipp and with the case then already four years old. Id. at 4,5.

On April 25, 2017, Planker filed a Motion for Reconsideration as to his Motion to Amend, ECF No. 59 at 4, and a day later moved to Supplement the Complaint. ECF No. 60. This Court denied the Motion for Reconsideration, finding that the motion was filed out of time and failed to satisfy the applicable standard governing motions for reconsideration. ECF No. 77 at 6. Concomitantly, the Motion to Supplement the Complaint was denied because Planker did not affix a copy of the proposed supplemental pleading as required by Local Civil Rule 7.1. Id. at 7.

On November 17, 2017, Planker appealed the denial of the Motion to Amend the Complaint. ECF No. 79. U.S. District Judge Brian R. Martinotti affirmed, holding that Plaintiff failed to demonstrate this Court's denial of his Motion to Amend/Supplement was "clearly erroneous or contrary to law." ECF No. 92, (citing L.Civ.R. 72.1(c)(1)(A)).

Prior to Judge Martinotti's ruling, Plaintiff on March 8, 2018 filed the instant motion, which includes a second motion to file a Supplemental Complaint "limited to only the issues he

claims were linked to retaliation by Defendants Barnes and Hoffman" that continued after the retirements of both Defendants. ECF No. 88.

## II. Analysis

### 1. The Motion to Produce Documents

#### a. Legal Standard

Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and "the court may order discovery of any matter relevant to the subject matter involved in the action." *See also* <u>Pearson v. Miller</u>, 211 F.3d 57, 65 (3d Cir. 2000). At the same time, the Federal Rules provide that the Court "must limit the frequency or extent of discovery otherwise allowed" if it concludes that:

(i)  the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
(ii)  the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(C).

Indeed, "the Court has a responsibility to protect privacy and confidentiality interests" and "has authority to fashion a set of limitations that allow as much relevant material to be discovered as possible...while preventing unnecessary intrusions into legitimate interests that may be harmed by the discovery of material sought." <u>Schmulovich v. 1161 Rt. 9 LLC</u>, Civ. No. 07–597, 2007 WL 2362598, at *1 (D.N.J. August 15, 2007); *see also* <u>Pearson</u>, 211 F.3d at 65.

Furthermore, pursuant to Rule 37(a), a party may file a motion to compel discovery where his or her adversary fails to adequately respond to a discovery request; nevertheless, it is ultimately within the discretion of the Court to grant a motion to compel disclosure for good

cause shown. Fed. R. Civ. P. 37(a); <u>In re Cendant Corp. Sec. Litig.</u>, 343 F.3d 658, 661 (3d Cir. 2003).

### b. Analysis

Plaintiff complains that Defendants have failed to provide complete medical records in discovery, with the records attached to Defendants' since-denied Motion for Summary Judgment omitting the documents through which Plaintiff registered medical complaints to prison medical authorities.

Without ruling on the issue of whether the medical records provided by Defendants were the complete medical records, Plaintiff's motion fails the second prong of the <u>Pearson</u> test. Plaintiff's Complaint was filed on July 22, 2013. This Court's original scheduling order set December 26, 2016 as the deadline for the completion of all discovery. ECF No. 32. That deadline was extended five times, ultimately concluding on December 11, 2017. ECF No. 51, 57,67,74 and 77. Per this Court's Scheduling Orders, all "[o]utstanding discovery disputes must be resolved by appropriate motion returnable before" the discovery end date. ECF No. 32, (citing Local Civil Rules 7.1., 37.1, 56.1., 78.1 (motions) & 26.1 (discovery)). Though discovery was to be completed by December 11, 2017 and all discovery disputes were to be resolved by that date, Plaintiff did not file the instant motion until March 8, 2018, or roughly three months out of time.

<u>Pearson</u> stands in part for the proposition that discovery ought to be limited when "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." The period for discovery here ran from the July 25, 2016 Scheduling Order through December 11, 2017, or 504 days. Clearly Plaintiff had ample time during that span to seek resolution of any discovery dispute. Indeed, while the discovery period was open Plaintiff by letter dated May 24, 2017 sought this Court's intervention in a discovery dispute. ECF No. 71.

Thus, the Court concludes that Plaintiff was aware of the mechanism for seeking the Court's aid is resolving discovery disputes. Still, Plaintiff failed to do so regarding the instant dispute concerning medical records until after the discovery period expired. For this reason, Plaintiff's Motion to Produce Documents is **DENIED**.

### 2. The Motion to Supplement a Pleading

#### a. Legal Standard

Motions to Supplement a Pleading are provided for by Fed. R. Civ. P. 15(d), which states in relevant part that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

"'The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed.'" Coca–Cola Bottling Co. (II), 668 F.Supp. at 922 (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1057 (9th Cir.1981)). Such motions should be granted "if it will promote the just disposition of the case, will not cause undue prejudice or delay and will not prejudice the rights of any parties." Sky v. Haddonfield Friends Sch., No. CV 14-5730, 2016 WL 1260061, at *2 (D.N.J. Mar. 31, 2016), (citing Medeva Pharma Ltd. v. American Home Products Corp., 201 F.R.D. 103, 104 (D. Del. 2001). But, requests to supplement pleadings are left to the sound discretion of the court. Glenside W. Corp. v. Exxon Co., U.S.A., A Div. of Exxon Corp., 761 F. Supp. 1118, 1133 (D.N.J. 1991). A Court also may deny a supplemental complaint "when it would raise new issues and unduly delay

resolution of the case." Love v. New Jersey Dep't of Corr., No. 215CV04404(SDW)(SCM), 2017 WL 4220576, at *4 (D.N.J. Sept. 22, 2017).

### b. Analysis

The Court begins with an evaluation of the Supplemental Complaint proposed by Plaintiff. As stated by Judge Martinotti, the only claims before the Court from the original Complaint are those asserting retaliation in violation of Plaintiff's First Amendment rights against Defendant Barnes and Plaintiff's claim alleging unsanitary conditions and lack of ventilation in violation of the Eighth Amendment against Defendants Barnes and Hoffman. ECF No. 69 at 6.

The original Complaint alleged Defendant Barnes retaliated against Plaintiff by placing him in a dungeon-like cell infested by mice and personally threatening to punish Plaintiff by keeping him there if Plaintiff continued to file grievances about the conditions of his confinement. ECF No. 1 at ¶ 126, 128. The proposed Supplemental Complaint adds little to the retaliation claim against Defendant Barnes, who retired shortly after the original Complaint was filed in July 2013, except to state that this alleged retaliation continued through early 2018 under successors who followed "Barnes's retaliatory instructions." ECF No. 88 at 2. That said, Plaintiff now seeks to attribute other allegations made in the original Complaint, such as the curtailing of his religious expressions as well as visits from family members, to the alleged retaliation by Barnes and others after Barnes retired for filing said grievances. Id. at 2, 8-9.

Similarly, the proposed Supplemental Complaint adds little to the Eighth Amendment claims against Defendants Barnes and Hoffman. Judge Shipp's January 2015 Opinion details the original Complaint's myriad allegations of unsanitary living conditions and poor ventilation that Plaintiff claims have marked his confinement. ECF No. 3 at 2-8. The proposed Supplemental

Complaint alleges Plaintiff was made to endure such conditions through at least Hoffman's retirement in 2017 "as a result of retaliating against Plaintiff for the filing of the initial Complaint." Id. at 3.

The Supplemental Complaint also proposes to join two new defendants, Melvin Ganesh and Warren Wilcox. Ganesh is identified by Plaintiff as holding an administrative position at Northern State Prison, while Wilcox is the Chaplin at NSP. Id. at 4,5. Ganesh is alleged to have directly retaliated against Plaintiff for the filing of the instant action as well as the filing of other grievances with prison authorities "by being deliberately indifferent and maliciously retaliatory regarding Plaintiff's complaints about prison conditions, religious rights requests and visits with Plaintiff's father and brother, and regarding Plaintiff's existing case against Barnes and attempts to amend and supplement the complaint." Id. at 4. Wilcox is alleged to have acted from January 2015 through June 21, 2017 to "deprive Plaintiff of equal religious rights and to deny Plaintiff all meaningful religious recognition" as part of the retaliation efforts of Defendants Barnes, Hoffman and Ganesh. Id. at 5.

While the Court recognizes that the proposed Supplemental Complaint is shorter at 14 pages than the 400-page proposed Amended Complaint this Court denied in March 2017, it still concludes that Plaintiff's motion fails on several prongs.

First, the motion was untimely filed. Judge Shipp's January 20, 2015 Order provided Plaintiff 45 days to cure the deficiencies in the claims dismissed without prejudice. ECF No. 4. Plaintiff did not file a Motion to Amend the Complaint until more than a year later, then withdrew that motion in order to file an allegedly more "complete" motion on May 27, 2016. Plaintiff then took nearly a year after that motion was denied to file the instant Motion to

Supplement the Complaint. Thus, the instant motion was filed more than three years outside the 45 days Judge Shipp provided for the Plaintiff to cure deficiencies in the original Complaint.

Second, granting the motion would cause an undue delay in the proceedings. The Third Circuit has held that "[t]he mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay" and "delay alone is an insufficient ground to deny leave to amend." USX Corp. v. Barnhart, 395 F.3d 161, 167 (3d Cir. 2004). That said, "[a]t some point, … delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Id. A "[d]elay may become undue when a movant has had previous opportunities to amend a complaint." Id. at 167-68. The Court, therefore, must "focus on the movant's reasons for not amending sooner" in analyzing the question of undue delay. Id. at 168.

Here, Plaintiff does not explain why it took him nearly a full year to move to Supplement the Complaint after prior motions to amend and supplement were denied. He provides only the conclusionary statements that "allowing the supplements is fair" and that "the State will not be in any way unfairly burdened by the supplement." ECF No. 88 at 1,3. Still, it is perhaps instructive that the Motion to Supplement the Complaint was filed only after Motions for Summary Judgment were filed by Defendants Barnes and Hoffman on February 15, 2018. ECF No. 83. A party's belated attempt to revise its pleadings requires that a court examine the totality of the circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations. Quaker State Oil Ref. Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517,1518 (1st Cir. 1989), s*ee, e.g.,* T.J. Stevenson & Co. v. 81,193 Bags of Flour*,* 629 F.2d 338, 370–71 (5th Cir.1980) (discussing omitted counterclaim). Here the balance of the equities weighs toward denial of the motion. *See* Hayes v. New England Millwork Distributors, Inc.*,* 602 F.2d 15, 19–20

(1st Cir.1979) (two-year delay sufficient to support denial of amendment where movant has not carried burden of explaining delay).

Plaintiff was or should have been aware for quite some time of the facts comprising his proposed Supplemental Complaint. For instance, it surely could not have taken Plaintiff four years to identify the successor to Defendant Barnes. While the Court is cognizant of and has been flexible with respect to certain delays that may result because of Plaintiff's incarceration, the delay here was excessive and unwarranted.

Plaintiff failed to file his motion within the 45-day period provided by Judge Shipp's Order, he failed to file an Amended Complaint within the time he could amend as of right under Rule 15, and he failed to file the instant motion until nearly a year had elapsed since the prior Motion to Supplement the Complaint was denied. As a result, granting Plaintiff's motion would mean that this case is back at the pleadings stage more than five years after the Complaint was filed and after Defendants' Motion for Summary Judgment was denied solely because the instant motion was pending. This Court considers the contrast with Kounelis v. Sherrer, 396 F.Supp.2d 525 (D.N.J. 2005) to be instructive. There, plaintiff prisoner successfully sought to supplement his complaint to assert a retaliation claim against two previously unnamed defendants for taking retaliatory actions against plaintiff after the commencement of his suit. Id. But plaintiff filed the motion to supplement mere months after the alleged retaliation occurred. Id. at 529.

Acceptance of Planker's proposed Supplemental Complaint would not be in the interests of promoting judicial efficiency because it would require service on the proposed new defendants, a new discovery schedule and resetting of other case-management milestones. See Love, supra, No. 2017 WL 4220576 at *7.

### III. Conclusion and Order

For the reasons stated above,

IT IS on this 27th day of September 2018,

**ORDERED** that Plaintiff's motion to compel discovery [ECF No. 88] is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for leave to supplement his Complaint [ECF No. 88] is **DENIED**.

s/ Douglas E. Arpert

DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE