**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

KEVIN PLANKER,

Plaintiff,

v.

CHRIS CHRISTIE, *et al.*,

Defendants.

Case No. 2:13-cv-4464 (BRM) (DEA)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion for Summary Judgment filed by Defendants Jim Barnes and Dave Hoffman (collectively, "Defendants"), seeking judgment in their favor on Plaintiff Kevin Planker's ("Plaintiff") § 1983 claims against them. (ECF No. 96.) Plaintiff filed an opposition (ECF No. 105) and Defendants filed a reply (ECF No. 113). Having reviewed the parties' submissions filed in this matter and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion is **DENIED**.

## I. BACKGROUND

On July 22, 2013, Plaintiff filed his civil rights Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Compl. (ECF No. 1)) Plaintiff's Complaint sets forth a litany of allegations, mostly concerning the conditions of confinement in the administrative segregation unit at the New Jersey State Prison ("NJSP"). (*Id.*) Plaintiff's claims were raised against the following Defendants: Governor Chris Christie; Gary Lanigan, Commissioner of the New Jersey Department of Corrections; Michelle Ricci; Charles Warren, NJSP Administrator; Jim Barnes, NJSP Assistant

Superintendent; Dave Hoffman, NJSP Engineer; Donique Ivery, Nurse Practitioner at NJSP; and Rasul Saluki, Chaplain at NJSP. (*Id.*, ¶2-10.)

On January 21, 2015, upon screening the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court issued an Order and Opinion dismissing various defendants and claims and proceeding only "Plaintiff's claim asserting retaliation in violation of his First Amendment rights [] against Defendant Barns and his claim alleging unsanitary conditions and lack of ventilation in violation of the Eighth Amendment [] against Defendants Barnes and Hoffman."[1] (ECF No. 3, at 55–56; *see generally* ECF Nos. 3 & 4.) The Court only addresses the allegations from the Complaint that are relevant to Plaintiff's remaining Eighth Amendment conditions of confinement claim and First Amendment retaliation claim. Judge Shipp provided a lengthy summary of Plaintiff's claims and summarized the allegations relevant here as follows:

> Plaintiff first complains that prisoners in [Administrative Segregation ("Ad Seg")] are not given access to cleaning supplies upon their arrival and are faced with dirty cells when moving into the Ad Seg. Saturdays are designated cleaning days for Ad Seg prisoners. They are provided with a broom, a mop that sits in dirty water, and a toilet brush that sits in a bucket of water used by the entire tier of 33 cells. Plaintiff further alleges that there is no hot water in the cells, and no cleaning rags, bleach or other cleaning products are provided to inmates, or sold in the commissary. (ECF No. 1, Complaint, ¶ 17.) Moreover, without access to hot or warm water, Plaintiff cannot rinse soap from his hands and body when he washes. (*Id.*, ¶¶ 136, 137.)
>
> . . .
>
> Plaintiff also alleges that there is no protection from "excessive weather" in the Ad Seg unit. Cool-off showers and ice during heat waves were eliminated in 2011 for no apparent reason. The heat does not work, broken windows and open exhaust fans allow cold air, rain and snow to come inside the building. In the yard, there is

[1] This Order and Opinion were issued by the Honorable Michael A. Shipp, U.S.D.J. (ECF Nos. 3, 4.) On August 9, 2016, the case was reassigned to the undersigned. (ECF No. 35.)

no protection from the sun, and Plaintiff alleges that he is not permitted to order sunblock or shade himself with a hat. He also alleges that he cannot wear rain gear, and if it is raining in the yard, he has no means to dry his sneakers and clothes. (*Id.*, ¶¶ 37, 156.) Plaintiff further alleges that there is an infestation of mice, birds and insects that has caused him to suffer allergies and asthma, bug bites and sleeplessness. There is a smell of mouse urine and feces, which is never cleaned. The mice also crawl up on the bunks. These pest infestations have caused Plaintiff to suffer rashes, abrasions from scratching, depression and constant itching, leaving him tired and unable to sleep or concentrate. (*Id.*)

Plaintiff next alleges that the toilet in his cell is impossible to clean and had urine and feces all over it from prior inmates when he was moved to his cell. He alleges that he would not use the toilet until he could no longer hold his urine. To use the toilet, Plaintiff has to sit on a dirty steel shelf with his penis rubbing against the metal lip that causes cuts and scrapes on his genitals. Plaintiff also alleges that it "is impossible to urinate in the toilet without getting urine all over the metal around the hole because the wall above the toilet shelf prevents [him] from leaning directly over the hole, so the metal constantly smells like years and years of built-up urine from numbers of prisoners, and the sink is used as a urinal, so it smells. The water flushes on only one side, so fecal matter is smeared on the back of the toilet where it is never fully cleaned, and there is a constant stench of rotting fecal matter and stale urine." (*Id.*, ¶¶ 38, 39, 40.) Plaintiff further alleges that cleaning products are not provided to the inmates to clean the toilets, and there is no hot water to wash hands after toilet use. (*Id.*, ¶ 40.)

. . .

[Plaintiff] also complains that the water pressure in his cell fluctuates from gushes to trickles, and his water never turns off, so there is rust, mold and mildew on the walls, floor and bed. (*Id.*, ¶ 150.) Moreover, the air and ventilation in his unit do not work properly, so it becomes too hot and difficult to breathe and sleep. His complaints to Defendants Warren, Barnes, and Hoffman about this ventilation problem allegedly have been ignored. (*Id.*, ¶ 134.)

. . .

Defendant Barnes allegedly retaliated against Plaintiff by placing him in a cell behind an old heater that blocks sunlight from reaching

> Plaintiff. The heating unit is never cleaned and has rotting food and mice feces under it. (*Id.*, ¶ 126.) Plaintiff further alleges that Barnes threatened to punish Plaintiff, by putting him on the "dungeon flats" where there is mice infestation and no sunlight due to the old heating unit, if Plaintiff continued to file grievances. Plaintiff alleges that he continued to file grievances and Barnes then moved Plaintiff to the only dungeon-like area in Ad Seg. Plaintiff alleges that his cell-mate who was sanctioned at the same time as Plaintiff, went to Level 2 and was promptly moved to the lighter, fan-exposed tiers in February 2013, but Plaintiff remained in the dungeon-like cell even though he was a Level 2. Plaintiff alleges that Barnes told him that Plaintiff would never be able to prove anything and that Barnes would charge Plaintiff with fraud and lying if Plaintiff complained. Barnes allegedly told Plaintiff that he did the same to another inmate, who confirmed this retaliatory treatment to Plaintiff, so Plaintiff refrained from filing a lawsuit at the time. (*Id.*, ¶¶ 139, 139.)

(ECF No. 3, at 2-8, 21.)

On April 19, 2016, Defendant Hoffman filed an Answer to the Complaint. (ECF No. 29.) On May 9, 2017, Defendant Barnes filed an Answer to the Complaint. (ECF No. 63.) On February 15, 2018, Defendants filed a Motion for Summary Judgment (ECF No. 83), which the Court denied without prejudice, allowing Defendants to re-file the motion upon resolution of Plaintiff's Motion to Produce/Amend (ECF No. 94). Following the Court's denial of Plaintiff's Motion to Compel Discovery, Defendants re-filed the instant Motion for Summary Judgment. (ECF No. 96.)

In their Motion, Defendants argue: (1) Plaintiff's Eighth Amendment claim should be dismissed because Plaintiff has failed to adduce any evidence in support of his conditions of confinement claims or that Defendants were aware of the conditions alleged; (2) Plaintiff's First Amendment retaliation claim should be dismissed because Plaintiff failed to adduce any evidence that he was engaged in constitutionally protected activity or that adverse action was taken against him; (3) Plaintiff has failed to exhaust his administrative remedies; and (4) Plaintiff has failed to adduce evidence of physical injury. (ECF No. 96-1, at 1-23.)

## II. LEGAL STANDARD

A court shall grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The mere existence of an alleged disputed fact is not enough. Rather, the opposing party must prove that there is a genuine issue of a material fact. *Id.* An issue of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. A fact is material if, under the governing substantive law, a dispute about the fact might affect the outcome of the lawsuit. *Id.* Factual disputes that are irrelevant or unnecessary will not preclude summary judgment. *Id.*

On a summary judgment motion, the moving party must first show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to present evidence that a genuine issue of material fact compels a trial. *Id.* at 324. To meet its burden, the nonmoving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Thus, the nonmoving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment. *See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the nonmoving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

## III. Decision

### A. Exhaustion of Administrative Remedies

In support of their Motion for Summary Judgment, Defendants argue that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. (ECF No. 96-1, at 18-22.) Whether Plaintiff exhausted his administrative remedies "constitutes a preliminary issue for which no right to a jury trial exists." *Small v. Camden Cnty.*, 728 F.3d 265, 271 (3d Cir. 2013). The burden is on Defendants to prove that Plaintiff failed to exhaust his administrative remedies. *See id.* ("The Court correctly placed the burden on Defendants to prove non-exhaustion.").

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). The exhaustion requirement is mandatory and, therefore, bars an inmate from bringing such a claim without first properly exhausting available administrative remedies. *Ross*, 136 S. Ct. at 1856; *Woodford v. Ngo*, 548 U.S. 81, 85, 93–94 (2006). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Coulston v. Glunt*, 665 F. App'x 128, 132 (3d Cir. 2016).

Failure to exhaust administrative remedies is an affirmative defense, and as such, defendants have the burden to plead and prove that a plaintiff has failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003). "Furthermore, the defendant must prove that the prisoner-plaintiff failed to exhaust *each* of his claims. There is no

'total exhaustion' rule permitting dismissal of an entire action because of one unexhausted claim." *Small*, 728 F.3d at 269 (emphasis added); *see also Jones*, 549 U.S. at 219–24.

As the Court of Appeals for the Third Circuit has explained, "PLRA exhaustion turns on the remedies and grievance procedures that the particular prison has available." *Rinaldi v. United States*, 904 F.3d 257, 272 (3d. Cir. 2018). Within the New Jersey Department of Corrections ("NJDOC"), "[t]he comprehensive Inmate Remedy System includes an 'Inmate Inquiry Form,' and/or 'Inmate Grievance Form,' and an 'Administrative Appeal,' which must be utilized and fully exhausted prior to an inmate filing any legal action regarding information requests, issues, concerns, and/or complaints." *See Concepcion v. Morton*, 306 F.3d 1347, 1355–55 (3d Cir. 2002) (citing N.J.A.C. 10A:1–4.4). These requirements also appear in the NJSP Inmate Handbook. *Id.* (holding that the PLRA's exhaustion requirement applies to the grievance procedures set forth in the inmate handbook).

Here, the parties dispute whether Plaintiff properly exhausted his administrative remedies. Defendants argue that "a search of NJDOC's records revealed that [Plaintiff] did not exhaust his administrative remedies with respect [to] any of his claims." (ECF No. 96-2, Statement of Material Facts ("SOMF"), at ¶ 40 (citing ECF No. 96-3, Ex. F, Declaration of Jessica Smith ("Smith Decl.")) Plaintiff argues that he "submitted every type of formal and informal complaint and form, and he went above and beyond the required steps for exhausting the remedy system that used to exist and the existing grievance system." (D.E. No. 105, ¶ 40.)

In support of their argument that Plaintiff has failed to adduce evidence that he exhausted his administrative remedies, Defendants submit the declaration of Jessica Smith, an Executive Assistant II at NJSP in Trenton, New Jersey. (*See* ECF No. 96-3, Ex. F., Smith Decl.) The declaration indicates that, in accordance with N.J.A.C. 10A:8-1.1 to 3.6, NJSP has adopted an

Inmate Handbook, with revisions dated October 2007. (*Id.*, ¶ 2.) The declaration details the administrative grievance procedure that inmates are informed of and required to utilize. (*Id.*, ¶¶ 4-13.) The declaration then submits to the Court that "at the request of the New Jersey Office of the Attorney General, personnel from New Jersey State Prison conducted a search of all records maintained by NJSP concerning Administrative Remedy Forms submitted by [Plaintiff] at [NJSP] during the period of 2011 through 2013" and "none of the Inmate Remedy Forms submitted by [Plaintiff] between 2011 and 2013 relate to allegations in his Complaint regarding the conditions of confinement or retaliation." (*Id.*, ¶¶ 14-15.) In response, Plaintiff argues that he did submit grievances, and it is a material fact that is in dispute, which cannot be settled by the Court since Defendants failed to submit the grievances that they were able to access. (ECF No. 105, ¶ 40.) Plaintiff also attaches his own deposition testimony. (*See* ECF No. 105, Ex. A.)

Defendants fail to meet their initial burden of pleading and proving Plaintiff has failed to exhaust his administrative remedies. *See Bock*, 549 U.S. at 216. While Defendants submit that their record search revealed that none of the inmate remedy forms submitted by Plaintiff during the relevant time-period relate to Plaintiff's conditions of confinement or retaliation claims, Defendants have failed to submit to the Court the remedy forms their search produced. The Court cannot determine if these forms pertain to Plaintiff's claims without reviewing the forms.

Additionally, Plaintiff has met his burden of presenting evidence that a genuine issue of material fact exists. *See Celotex*, 477 U.S. at 324. Plaintiff explicitly testified that he filed up to hundreds of grievances and appeals that were often not answered and ignored. (*See* ECF No. 105, Ex. 1 at 17:21 to 24:13.) Plaintiff's sworn deposition testimony is sufficient to establish a genuine issue of material fact. *Paladino v. Newsome*, 885 F.3d 203, 209) (3d. Cir. 2018) (finding sworn deposition testimony setting forth specific facts that contradict Defendants' evidence can establish

a genuine issue of material fact.) Considering Defendants failed to provide the remedy form records that their search produced and considering Plaintiff's deposition testimony, which created a genuine issue of material fact, Defendants' Motion for Summary Judgment as to this issue is denied.[2]

Because it is foreseeable that Defendants could provide the Court with additional support of their argument that Plaintiff failed to exhaust his administrative remedies, the Court will provide Defendants leave to file a renewed motion for summary judgment on this issue. Any renewed motion should include a detailed certification by a person with knowledge describing in detail the process of filing and appealing any prisoner remedy forms, how prisoners are informed of administrative remedy procedures, and attaching any remedy form submitted by Plaintiff prior to the date of the Complaint here.

[2] Plaintiff has submitted numerous inmate remedy forms, inmate inquiry forms, and grievance forms as attachments throughout the record here. (*See* ECF Nos. 20-4, 88-4, 109, & 105.) Plaintiff filed his Complaint in July 2013, raising claims arising throughout 2012 and 2013. (*See generally* ECF No. 1.) The Court notes that majority of the inquiry, remedy, and grievances forms submitted here are from after the relevant 2012-2013 time-period at issue in this matter. However, Plaintiff has submitted a few forms from the relevant time-period, raising conditions of confinement issues. (*See* ECF No. 20-4, at 9, 12, 13, 14, 15, 16; *see also* ECF No. 88-4, at 44-45; *see also* ECF No. 105, Exs. B & C.) Of those forms, two from December 2012 appear in all three docket submissions. (ECF Nos. 20-4, at 14 & 16, 88-4, at 44-45; and 105, Exs. B & C.) However, in Plaintiff's most recent submission, the two December 2012 forms have information written in the "inmate's administrative appeal information" section, which does not appear in the previously submitted documents. (*See* ECF No. 105, Exs. B & C.) Defendants allege that Plaintiff has forged these documents. (ECF No. 113, at 2.) Plaintiff argues that he received copies of the forms from different sources, so they are from different stages of the grievance processes. (ECF No. 105, at ¶ 41.) The Court need not consider Plaintiff's assertion at this stage because Defendants have failed to meet their initial burden that Plaintiff has failed to exhaust his remedies relevant to his claims here.

**B. Constitutional Violations**

Next, Defendants contend summary judgment is appropriate because Plaintiff fails to raise evidence in support of his Eighth Amendment conditions of confinement claim and his First Amendment retaliation claim. (ECF No. 96-1, at 10-18.)

***1. Eighth Amendment Conditions of Confinement***

Defendants contend they are entitled to summary judgment because Plaintiff has not produced evidence to show that conditions in his cells violated the Eighth Amendment. (ECF No. 96-1, at 11-13.)

"The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). "The Eighth Amendment imposes duties on prison officials to 'provide humane conditions of confinement' and 'ensure that inmates receive adequate food, clothing, shelter, and medical care.'" *Barndt v. Wenerowicz*, 698 F. App'x 673, 676–77 (3d Cir. 2017) (quoting *Farmer*, 511 U.S. at 832). Specifically:

> To establish an Eighth Amendment conditions of confinement claim, [Plaintiff] must show that (1) the deprivation alleged was objectively, 'sufficiently serious' such that the prison officials' acts or omissions resulted in the denial of 'the minimal civilized measure of life's necessities'; and (2) that the prison officials exhibited a 'deliberate indifference' to his health and safety.

*Id.* at 677 (quoting *Farmer*, 511 U.S. at 834).

In support of this argument, Defendants first submit Plaintiff has only his own self-serving statements as evidence regarding the conditions in his cells. (ECF No. 96-1, at 13.) Defendants' argument is inaccurate. Plaintiff has submitted his sworn deposition testimony, which describes in

detail what the conditions in his cell were. (ECF No. 105, Ex. A, at 25:2 to 36:3.) Plaintiff testified the toilets splash water and fecal matter and cuts his genitals when used. (*See id.*) He also testified there is rust, mold, mildew, mice, birds, rats and insects. (*See id.*) Plaintiff also testified there is no ventilation or temperature control. (*See id.*) Based on Plaintiff's deposition testimony, the Court finds, Plaintiff has plead to the Court that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986) (finding the nonmoving party at summary judgment must identify specific facts and affirmative evidence that contradict those offered by the moving party).

Defendants second argument in favor of summary judgment on this claim is that Plaintiff has failed to adduce evidence that Defendants were aware of the conditions in his cells. (ECF No. 9-1, at 14-15.) However, as discussed above, Plaintiff testified at his deposition under oath that he filed numerous grievances and complained about his conditions. Defendants' knowledge is central to deliberate indifference, and Plaintiff's testimony is adequate to create a genuine issue of material fact. "[C]ourts may not resolve genuine disputes of fact in favor of the party seeking summary judgment." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014). Defendants' Motion for Summary Judgment is denied as to this issue.

***2. First Amendment Retaliation***

Defendants assert summary judgment should be granted on Plaintiff's retaliation claim, arguing Plaintiff has failed to cite evidence that he was engaged in a constitutionally protected activity and that Defendants initiated the transfer. (ECF No. 96-1, at 17-18.)

Prison officials may not interfere with a prisoner's exercise of First Amendment rights unless interference is reasonably related to a legitimate penological interest, nor may prison officials retaliate against a prisoner for exercising his First Amendment rights. *See Turner v. Safley*,

482 U.S. 78, 90 (1987). An incarcerated plaintiff pleads a claim for retaliation by alleging: "(1) he engaged in constitutionally protected conduct[,] (2) he suffered an adverse action[,] and (3) the constitutionally protected conduct was a substantial or motivating factor for the adverse action." *Brant v. Varano*, 717 F. App'x 146, 149 (3d Cir. 2017); *see also Rauser v. Horn*, 241 F.3d 330, 333–34 (3d Cir. 2001).

Prison grievance filings qualify as protected First Amendment conduct. *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016). An action is adverse if it would be "sufficient to deter a person of ordinary firmness from exercising his constitutional rights." *Mack v. Warden Loretto FCI*, 839 F.3d 286, 297 (3d Cir. 2016); *see also Watson*, 834 F.3d at 422 n.6. A plaintiff can prove the third element of a retaliation claim by demonstrating "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Watson*, 834 F.3d at 424.

Defendants' arguments that Plaintiff failed to adduce evidence he was engaged in a constitutionally protected activity and the Defendant Barnes initiated the transfer of Plaintiff in retaliation fails for reasons similar to those discussed above. Plaintiff's sworn testimony indicates that he was engaged in the constitutionally protected activity of filing grievances. (ECF No. 105, Ex. 1 at 17:21 to 24:13.) Plaintiff explicitly testified the Defendant Barnes threatened to move him to the "dungeon" if he complained and then moved him. (*Id.*, at 11:4 to 15:17.) "At the summary judgment stage, the plaintiff need only meet his burden of producing evidence from which a reasonable jury could conclude that the adverse action was taken in retaliation for the exercise of his protected rights." *Booth v. King*, 346 F.Supp.2d 751, 762 (E.D. Pa. 2004). To withstand summary judgment and submit the question of causation to a factfinder, the plaintiff must "produce[] evidence from which a reasonable jury could conclude that the exercise of his right was

a 'substantial and motivating factor' in defendants' actions." *Id.* Plaintiff submits evidence, his deposition testimony, that creates a disputed issue of material fact as to whether Defendant Barnes transferred Plaintiff in retaliation for his filing of grievances. As such, Defendants' Motion for Summary Judgment is denied as to this claim.

***3. Physical Injury***

Defendants' final argument seeks summary judgment alleging Plaintiff has failed to provide any evidence of a physical injury. (ECF No. 96-1, at 22-23.) Defendants argue if Plaintiff does not provide evidence of a physical injury, he may not recover compensatory damages based on his mental and emotional injury. (*Id.*)

Section 1997e bars compensatory damages for mental and emotional injuries in § 1983 cases brought by prisoners "without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). "[R]eading 1997e(e) to allow a plaintiff to allege any physical injury, no matter how minor, would produce an unintended (indeed absurd) result." *Mitchell v. Horn*, 318 F.3d 523, 535 (3d Cir. 2003). The Third Circuit has held that prisoners subject to § 1997e must show "a less-than-significant-but-more-than-de minimis physical injury as a predicate to allegations of emotional injury." *Id.* at 536.

Plaintiff meets his burden to show a genuine issue of material fact exits regarding an assertion of a physical injury. Plaintiff testified under oath that he has cuts and scraps on his genitals and that he has trouble breathing from the mildew and odors. (*See* ECF No. 105, Ex. 1, at 27:1-10 & 35:5-13.) The Court finds Plaintiff's deposition testimony that he suffered cuts and breathing issues enough to proceed. *See Paladino*, 885 F.3d at 209 ("Indeed, 'a single, non-conclusory affidavit or witness's testimony, when based on personal knowledge and directed at a material issue, is sufficient to defeat summary judgment.' This is true even where . . . the

information is self-serving." (quoting *Lupyan v. Corinthian Colleges, Inc.*, 761 F.3d 314, 320 (3d Cir. 2014.)) The Court finds these injuries are a disputed question of fact best resolved by a jury. As a result, Defendants' Motion for Summary Judgment on this issue is denied.

## IV. CONCLUSION

For the forgoing reasons, Defendants' Motion for Summary Judgment is **DENIED**. An appropriate Order follows.

Dated: December 6, 2021

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**